# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1833
Lower Tribunal No. 21-14269
_____

**Exclusive Motoring Worldwide, Inc., et al.,**
Appellants,

vs.

**Soral Investments, Inc.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Varca Law, PLLC, and Christopher A. Varca (Deerfield Beach), for appellants.

Patterson & Sweeny, PL, and John H. Patterson, Jr., for appellee.


Before LOGUE, LINDSEY, and MILLER, JJ.

PER CURIAM.

This appeal arises from a commercial eviction and damages action filed by Soral Investments, Inc. ("Landlord") against Exclusive Motoring Worldwide, Inc. and Rolando Ramirez (collectively, "Tenant"). Following service of the complaint, both parties sought a determination of the rent due to be deposited into the court registry pursuant to section 83.232, Florida Statutes. The central dispute concerned whether Tenant was required to deposit rent that had allegedly been deferred by agreement of the parties for the period of June 2020 through April 2021 due to the COVID-19 pandemic.

Following an evidentiary hearing, the trial court ordered Tenant to deposit the deferred rent into the court registry and further ordered that the rent already paid by Tenant into the court registry for the period of June 2021 through September 2021, totaling approximately $53,047.42, be disbursed to the Landlord based on the Landlord's hardship resulting from the loss of the rental income. Tenant appealed.

Having carefully reviewed the record on appeal, we conclude that the trial court did not abuse its discretion in requiring payment of the deferred rent into the court registry. We do, however, agree with Tenant that the trial court erred in ordering disbursement of the full rent amount paid into the court registry for June-September 2021. Section 83.232(1) provides that the trial court may disburse all or part of the funds held in the court registry "[i]f the

landlord is in actual danger of loss of the premises or other hardship resulting from the loss of rental income from the premises[.]" Here, the only evidence supporting a finding of hardship warranting disbursement of funds was the Landlord's testimony at the evidentiary hearing that it required $3,000 per month in costs to cover taxes and insurance for the property, which was less than the full rent amount the trial court ultimately ordered to be disbursed.

To its credit, the trial court apparently addressed this issue a few days later when it granted in part Tenant's Emergency Motion to Stay pending this appeal, staying disbursement of the full rent amount paid into the court registry and instead ordering disbursement of $3,000 per month for May through September 2021 and $3,000 of every forthcoming monthly deposit. Although this order was included by the Landlord in an appendix filed with this Court, the order is not before us because it was entered after the order on appeal and therefore cannot be a basis to avoid our review of the order on appeal. See Heritage Prop. & Cas. Ins. Co. v. Williams, 338 So. 3d 1119, 1121–22 (Fla. 1st DCA 2022) ("[T]he insureds argue that this appeal is moot because, after the appeal was taken of the non-final order, the trial court amended the order of appraisal. That amended order is not before us, but both parties have referenced it in their briefs. During an appeal of a non-final order, a trial court may proceed with all matters, including trial or final hearing

except for entry of a final disposition, unless there has been a stay entered. But a trial court lacks jurisdiction to clarify or modify a non-final order while an appeal of that non-final order is pending. So, the trial court's amending the appraisal order cannot be a basis to avoid our review of the original appraisal order." (internal citations omitted)).[1] Accordingly, we reverse that portion of the trial court's order on appeal that ordered disbursement of the full rent amount paid into the court registry. The disbursement is properly limited to $3,000 per month.

Affirmed in part, reversed in part.

---

[1] On appeal, moreover, the Landlord only argues for affirmance of the trial court's disbursement of $3,000 per month, thus essentially conceding this issue.